IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>NETGEAR, INC.<br><br>    Defendant.<br>_____/ | No. C 13-2262 CW<br><br>ORDER REFERRING DISCOVERY DISPUTES TO MAGISTRATE JUDGE BEELER AND PROVIDING NOTICE OF INTENT TO APPOINT TECHNICAL ADVISOR |

    All discovery disputes in the related cases have been referred to Magistrate Judge Beeler. The Court hereby refers all future discovery disputes in this case to Judge Beeler as well.

    As in the related cases, the Court finds that, due to the complexity of these cases and the Patents-in-Suit, it would benefit from the services of a technical advisor. In the related cases, the Court has previously given notice that it intends to re-appoint Mr. Kwan Chan, who previously served as the technical advisor on the related cases before they were re-assigned, in that capacity. The Court now gives notice that it intends to appoint Mr. Chan as the technical advisor in this case as well.

    "When outside technical expertise can be helpful to a district court, the court may appoint a technical advisor." FTC v. Enforma Natural Prods., 362 F.3d 1204, 1213 (9th Cir. 2004) (citing Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 590 (9th Cir. 2000) (en banc)). "A technical advisor is a tutor who aids the court in understanding the 'jargon and theory' relevant to the technical aspects of the evidence." Id.

(quoting Reilly v. United States, 863 F.2d 149, 158 (1st Cir. 1988)).  "The role of a technical advisor is to organize, advise on, and help the court understand relevant scientific evidence." Id. (citing Ass'n of Mexican-American Educators, 231 F.3d at 590).

As an advisor to the Court, the role played by a technical advisor is distinct from that of an expert witness.  "A technical advisor may not assume the role of an expert witness by supplying new evidence; nor may an advisor usurp the role of the judge by making findings of fact or conclusions of law." Id. (citing A&M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1097 (9th Cir. 2002); Reilly, 863 F.2d at 155).  Because of this distinction, "[t]echnical advisors, acting as such, are not subject to the provisions of Rule 706, which govern court-appointed expert witnesses." Id.

INTENDED ORDER OF APPOINTMENT

Accordingly, the Court gives notice to the parties that the Court intends to appoint Mr. Chan as a "Technical Advisor" under the following terms:

1.  Any advice provided to the Court by Mr. Chan will not be based on any extra-record information.

2.  To the extent that the Court may ask Mr. Chan to provide a formal written report on technical advice concerning the case, a copy of the formal written report prepared by Mr. Chan shall be provided to the parties.  However, the Court reserves the right to have informal written and verbal communications with Mr. Chan, including written summaries and explanations of his advice to the Court, which are not included in any formal reports.  Mr. Chan may attend all case-related court proceedings.

2

3.   Mr. Chan may review any pleadings, motions or documents submitted to the Court.

4.   As a Technical Advisor, Mr. Chan will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Chan will be outside the purview of "expert witnesses" under Fed. R. Evid. 706.  As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Chan.  See Reilly, 863 F.2d at 155-56.

5.   Mr. Chan will have no contact with any of the parties or their counsel except for billing purposes.

6.   Each party shall bear the cost of the Technical Advisor on a per capita basis, payable in advance.  During his initial appointment, a trust account was established to cover the anticipated fees and costs, which may still have funds.

Within fifteen days of his re-appointment, Mr. Chan shall report to the Court on the state of his fees and expenses and make a recommendation to the Court as to whether the trust account needs additional deposits from the parties, including any new parties who have not yet made an initial contribution to the account.

Mr. Chan shall issue statements to the parties and draw from the trust account every fifteen (15) days for his performance of the appointment.  When needed, he shall advise the Court if the trust account needs additional deposits from the parties as the case progresses.  Mr. Chan will bill at the rate of $450.00 per hour.

7.   Mr. Chan shall file a declaration that he will adhere to the terms of his appointment.

3

CONCLUSION

Within one week of the date of this Order, Defendant Netgear, Inc. may file an objection to the appointment of Mr. Chan as the Court's technical advisor. Among the grounds for objection, the Court specifically wishes to know of any objection based on the following grounds:

(a) Bias on the part of Mr. Chan;

(b) Lack of funds to share the fees of the advisor on the part of the objecting party.

Any objection shall be lodged directly with the Magistrate Judge and shall not be e-filed. The objection shall state the grounds of objection and be accompanied by a supporting declaration and legal memorandum supporting the objection. The Magistrate Judge shall not advise the Court of the identity of any party making an objection. The Magistrate Judge may confer with the parties to determine if any modification of the terms of appointment would overcome the objection. Thereafter, the Magistrate Judge shall submit a recommendation to the Court in accordance with paragraphs 1-7 or as modified, or of non-appointment due to objections.

The Court will determine whether to make the appointment under any modified terms of appointment.

IT IS SO ORDERED.

Dated: 6/6/2013

CLAUDIA WILKEN
United States District Judge

cc: MagRef; LB

4