IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NETGEAR, INC.<br><br>　　　　Defendant.<br>_____/ | No. C 13-2262 CW<br><br>ORDER GRANTING NETGEAR'S MOTION TO DISMISS AND GRANTING USEI LEAVE TO AMEND (Docket No. 58) |

　　　Defendant Netgear, Inc. has filed a renewed motion to dismiss the complaint for patent infringement filed against it by Plaintiff U.S. Ethernet Innovations, Inc. (USEI). USEI opposes the motion. Having considered the papers filed by the parties, the Court GRANTS Netgear's renewed motion. The Court also GRANTS USEI leave to amend its complaint.

## BACKGROUND

　　　USEI initiated this action on June 22, 2012 in the United States District Court for the Eastern District of Texas. Compl., Docket No. 1.

　　　In its complaint, USEI alleges that it is the owner of United States Patent Nos. 5,732,094 (the '094 Patent), 5,434,872 (the '872 Patent), 5,530,874 (the '874 Patent), and 5,299,313 (the '313 Patent), which are collectively referred to as the patents-in-suit. Id. at ¶ 1. It contends that "Netgear has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by" the patents-in-suit "in systems and methods without USEI's permission." Id. at ¶ 2.

USEI asserts four counts against Netgear in the complaint. In its first count, it alleges, "Without a license or permission from USEI, Defendant has infringed and continues to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products." Id. at ¶ 17. It further alleges that Netgear "directly contributes to and induces infringement by supplying infringing systems and components to Defendant's customers" and that these "customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendant's instructions directly infringe one or more claims of the '094 Patent." Id. at ¶ 18. It contends that these actions caused USEI damage and that Netgear "has had actual or constructive knowledge of the '094 Patent, yet continues to infringe." Id. at 19-20. In the second, third and fourth count, USEI makes identical allegations regarding the '872 Patent, the '874 Patent and the '313 Patent respectively. Id. at ¶¶ 22-25, 27-30, 32-35.

On September 4, 2012, Netgear initially filed its motion to dismiss. Docket No. 18.

After the motion to dismiss was fully briefed, Netgear filed a motion to change venue to this district. Docket No. 25. On March 27, 2013, the district court in the Eastern District of Texas granted the motion to change venue and later denied USEI's motion for reconsideration of the transfer order. Docket Nos. 32, 37.

2

Thereafter, on May 17, 2012, this case was transferred in to this district. Docket No. 38. At the time of transfer, Netgear's motion to dismiss had not been resolved.

On June 27, 2013, the Court held a case management conference in this case. Docket No. 57. At that time, the Court granted Netgear's oral request to re-file its motion to dismiss and set a briefing schedule for the new motion. Id. The renewed motion is now fully briefed.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); see also In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1337 (Fed. Cir. 2012) (when evaluating a motion to dismiss under Rule 12(b)(6), the district court is required "to draw all reasonable inferences in favor of the non-moving party"). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

3

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

In its renewed motion to dismiss, Netgear argues that USEI's complaint fails to state a claim for indirect infringement or willful infringement.[1]

### I. Indirect infringement

For each patent, USEI alleges two different types of indirect infringement: inducement of the infringement of a patent under 35 U.S.C. § 271(b); and contributory infringement of a patent under 35 U.S.C. § 271(c). Netgear argues that USEI has not sufficiently plead necessary elements of either theory.

#### A. Contributory infringement

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses,

---

[1] In its original motion to dismiss, Netgear also argued that USEI failed to state a claim for direct infringement. Docket No. 18, 5. Netgear did not renew this argument in the instant motion.

4

and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" In re Bill of Lading, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." Id. (citing Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1312 (Fed. Cir. 2005)).

Netgear argues that USEI failed "to plead facts sufficient to allow an inference that . . . the Accused Products have no substantial non-infringing uses, or are especially made or especially adapted for use in an infringement." Renewed Mot., Docket No. 58, 8-9.[2] USEI responds that it has plead sufficient facts from which such reasonable inference can be drawn.

---

[2] Netgear contends that, "in a parallel case" with "identical allegations," the "presiding court" in the Eastern District of Texas "rejected USEI's argument" and "held" that these allegations were sufficient. Reply, Docket No. 62, 1-3 (citing U.S. Ethernet Innovations, LLC v. Digi Int'l, Inc., Case No. 12-366 (E.D. Tex. Apr. 2, 2013), Docket No. 187). Although Netgear did not cite this purportedly persuasive authority in its opening briefing, it relied on it heavily in its reply brief to support its arguments not only on contributory infringement but also on induced and willful infringement.

However, the presiding court never made the holdings that Netgear claims that it did. The document that Netgear cites as the order of the Eastern District of Texas is in fact a report and recommendation from the Magistrate Judge to the presiding court, recommending that the defendants' motion to dismiss be granted. See Digi Int'l, Docket No. 187. In that order, the Magistrate Judge also granted USEI leave to amend its complaint. Id. at 7. The presiding District Judge did not adopt the Magistrate Judge's recommendation that the motion to dismiss be granted. Instead, because USEI had in fact amended its complaint, the court denied the motion to dismiss as moot in light of the amended pleading. Digi Int'l, Docket No. 225, 1-2.

5

In its complaint, USEI pleads that the accused products "embody the patented invention" and that customers who operate Netgear's products in accordance with its instructions directly infringe on the patents-in-suit. See, e.g., Compl. ¶¶ 17-18. It argues in its opposition that this allegation "allows an inference that the components sold or offered for sale have no substantial non-infringing uses and that the product[s are] especially made or especially adapted for use in an infringement." Opp., Docket No. 60, 3-4.

USEI's argument is not persuasive. Even drawing all reasonable inferences in favor of USEI, these allegations simply do not imply what USEI contends. In fact, the allegation that the products infringe if used in accordance with Netgear's instructions implies that the products can be used in a non-infringing manner if used in a way that deviates from those instructions. The relevant inquiry for contributory infringement is not whether the products can be used only for infringement when the defendants' instructions are followed. Instead, the Federal Circuit has stated clearly that "[f]or the purposes of contributory infringement, the inquiry focuses on whether the

---

The Court reminds Netgear's counsel of their obligation under Federal Rule of Civil Procedure 11 not to make misleading or false statements to the Court. Netgear's counsel are cautioned that, even if they inadvertently failed to recognize that the document that they cited was a report and recommendation that was never adopted by the presiding judge, misstatements such as the ones made in their reply brief cast a pall upon their credibility as a whole. The Court also notes that, because Netgear chose to cite the Digi Int'l document for the first time in its reply brief--even though it was issued several months before it filed the renewed motion to dismiss--USEI was deprived of the opportunity to point out Netgear's mischaracterization of that document.

6

1 accused products can be used for purposes other than
2 infringement." In re Bill of Lading, 681 F.3d at 1337.
3     Accordingly, the Court finds that USEI has failed to state a
4 claim for contributory infringement of the patents-in-suit and
5 grants Netgear's motion to dismiss the claims for contributory
6 infringement.
7     B. Induced infringement
8     "Whoever actively induces infringement of a patent shall be
9 liable as an infringer." 35 U.S.C. § 271(b). "Liability under
10 § 271(b) 'requires knowledge that the induced acts constitute
11 patent infringement.'" In re Bill of Lading, 681 F.3d at 1339
12 (quoting Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct.
13 2060, 2068 (2011)). Thus, to plead a claim for induced
14 infringement adequately, USEI's complaint "must contain facts
15 plausibly showing that [Netgear] specifically intended [its]
16 customers to infringe the [patents-in-suit] and knew that the
17 customer's acts constituted infringement." Id.
18     Netgear contends that USEI has not adequately plead that it
19 intended for its customers to infringe on the patents-in-suit or
20 that it knew that the customers' acts constituted infringement.
21     Drawing all reasonable inferences in favor of USEI, the Court
22 finds that USEI has adequately plead that Netgear specifically
23 intended for its customers to carry out the acts that constituted
24 infringement of USEI's patents. USEI has plead that Netgear
25 provided instructions to its customers on how to use its products
26 and that, when the customers operated the products as instructed
27 by Netgear, they directly infringed the patents-in-suit.
28

1 However, USEI has not adequately plead that Netgear knew that
2 these acts would constitute patent infringement. With regard to
3 Netgear's knowledge of such facts, USEI pleads only that
4 "Defendant has had actual or constructive knowledge of the
5 [patents-in-suit]." See, e.g., Compl. ¶ 20. Although USEI
6 alleges that Netgear is aware of the patents at issue, it does not
7 allege that Netgear knew that the acts that it encouraged its
8 customers to take constituted infringement thereof.

9 Accordingly, the Court finds that USEI has failed to state a
10 claim for induced infringement of the patents-in-suit and grants
11 Netgear's motion to dismiss the claims for induced infringement.

12 II. Willful infringement

13 "To willfully infringe a patent, the patent must exist, and
14 one must have knowledge of it." State Indus., Inc. v. A.O. Smith
15 Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1986) (emphasis in
16 original). However, "a mere 'allegation of "actual knowledge,"
17 without more,' is not enough to state a claim for willful
18 infringement." Robert Bosch Healthcare Sys., Inc. v. Express MD
19 Solutions, LLC, 2012 WL 2803617, at *3 (N.D. Cal.) (quoting
20 Vasudevan Software, Inc. v. TIBCO Software Inc., 2012 WL 1831543,
21 at *4 (N.D. Cal.)). "Infringement is willful when the infringer
22 was aware of the asserted patent, but nonetheless acted despite an
23 objectively high likelihood that its actions constituted
24 infringement of a valid patent." i4i Ltd. P'ship v. Microsoft
25 Corp., 598 F.3d 831, 861 (Fed. Cir. 2010) (citing In re Seagate
26 Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007)).

27 Here, as stated above, USEI has merely alleged that Netgear
28 had "actual or constructive knowledge" of the relevant patents.

8

This is not enough to state a claim for willful infringement. Accordingly, the Court grants Netgear's motion to dismiss the allegations of willful infringement.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Netgear's renewed motion to dismiss.  The Court also GRANTS USEI leave to amend its pleading to remedy the deficiencies identified herein within two weeks of the date of this Order, provided that it is able to do so truthfully.

If USEI files an amended complaint, Netgear shall respond to it within fourteen days after it is filed.  If Netgear moves to dismiss the amended complaint, USEI shall respond to the motion within fourteen days after it is filed.  Netgear's reply, if necessary, shall be due seven days thereafter.  Any motion to dismiss will be decided on the papers.

IT IS SO ORDERED.

Dated: 8/12/2013

CLAUDIA WILKEN
United States District Judge